Michael Nourmand, Esq. (SBN 198439)
Email: mnourmand@nourmandlawfirm.com
James A. De Sario, Esq. (SBN 262552)
Email: jdesario@nourmandlawfirm.com
**THE NOURMAND LAW FIRM, APC**
8822 West Olympic Boulevard
Beverly Hills, California 90211
Telephone (310) 553-3600
Facsimile (310) 553-3603

Attorneys for Plaintiff,
ERICA PRICE, on behalf
of herself and all others similarly situated

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERICA PRICE, on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>EDS SERVICE SOLUTIONS, LLC, a Delaware limited liability company; and DOES 1 through 100, Inclusive<br><br>Defendants. | CASE NO.: 2:20-CV-01186<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>1. VIOLATION OF 15 U.S.C. § 1681b (b)(2)(A) (Fair Credit Reporting Act);<br><br>2. VIOLATION OF 15 U.S.C. §§ 1681d(a)(1) and 1681g( c) (Fair Credit Reporting Act);<br><br>3. VIOLATION OF CALIFORNIA CIVIL CODE § 1786 et seq. (Investigative Consumer Reporting Agencies Act);<br><br>4. VIOLATION OF CALIFORNIA CIVIL CODE § 1785 et seq. (Consumer Credit Reporting Agencies Act);<br><br>DEMAND FOR JURY TRIAL |

///
///
///
///

COMES NOW plaintiff ERICA PRICE (hereinafter "Ms. Price" and/or "Plaintiff") on behalf of herself and all others similarly situated, and alleges as follows:

## GENERAL ALLEGATIONS

## INTRODUCTION

1. Plaintiff brings this class and representative action against defendant EDS SERVICE SOLUTIONS, LLC, a Delaware limited liability company ("EDS Service Solutions" or "Defendant"), for alleged violations of the Fair Credit Reporting Act ("FCRA") and similar California laws.

2. Plaintiff alleges that Defendant routinely acquire consumer, investigative consumer and/or consumer credit reports (referred to as "Background Reports") to conduct background checks on Plaintiff and other prospective, current and former employees and use information from credit and background reports in connection with their hiring process without complying with the law, as a result of including, but not limited to, failing to provide a clear and conspicuous disclosure in a stand-alone document. Plaintiff, individually and on behalf of all others similarly situated current, former and prospective employees, seeks compensatory and punitive damages due to Defendant's systematic and willful violations of the FCRA, 15 U.S.C. §§ 1681 *et seq.*, the California Investigative Consumer Reporting Agencies Act ("ICRAA") (California Civil Code § 1786 *et seq.*) and the California Consumer Credit Reporting Agencies Act ("CCRAA") (California Civil Code § 1785 *et seq.*).

## PARTIES

3. Plaintiff, Ms. Price, was employed by Defendant as an hourly, non-exempt employee, working in the State of California from approximately February 27, 2018 to July 6, 2019.

4. Defendant EDS Service Solutions is a Delaware limited liability company authorized to do business in the State of California.

5.  Plaintiff is ignorant of the true names, capacities, relationships, and extent of participation in the conduct alleged herein, of the defendants sued as DOES 1-100, inclusive, but is informed and believes and thereon alleges that, said defendants are legally responsible for the wrongful conduct alleged herein and therefore sues these defendants by such fictitious names. Plaintiff will amend the Complaint to allege the true names and capacities of the DOES defendants when ascertained.

6.  Plaintiff is informed and believes and thereon alleges that, at all relevant times herein, all Defendant was the agent, employee and/or servant, master or employer of the remaining defendants, and in doing the things hereinafter alleged, were acting within the course and scope of such agency or employment, and with the approval and ratification of each of the other defendants.

7.  Plaintiff alleges that each and every one of the acts and omissions alleged herein were performed by, and/or attributable to, all defendants, each acting as agents and/or employees, and/or under the direction and control of each of the other defendants, and that said acts and failures to act were within the course and scope of said agency, employment and/or direction and control.

## JURISDICTION AND VENUE

8.  This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over the transactionally related state law claims under 28 U.S.C. § 1367(a).

9.  This Court also has jurisdiction pursuant to 28 U.S.C. § 1441(a) based on 18 U.S.C § 1332(d). This is a putative class action whereby: (i) the proposed nationwide class consists of more than 100 members; (ii) at least some class members have different citizenship from Defendant; and (iii) the claims of the proposed class exceed $5,000,000.00 in the aggregate.

10. Venue is proper pursuant to 28 U.S.C. §§ 84(c)(2) and 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims

alleged herein occurred in this judicial district.

## CLASS ALLEGATIONS

11. This action has been brought and may be maintained as a class action pursuant to Federal Rule of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of Plaintiff and all other current and former similarly situated employees employed by or formerly employed by EDS Service Solutions because there is a well-defined community of interest among the persons who comprise the readily ascertainable classes defined below and because Plaintiff is unaware of any difficulties likely to be encountered in managing this case as a class action.

12. Class Definitions: Plaintiff seeks to represent three Classes composed of and defined as follows:

    (i) **FCRA Class**: All of Defendant's current, former and prospective applicants for employment in the United Stales who applied for a job with Defendants at anytime during the period beginning five years prior to the filing of this action and ending on the date that final judgment is entered in this action.

    (ii) **ICRAA Class**: All of Defendant's current, former, and prospective applicants for employment in California, at any time during the period beginning five years prior to the filing of this action and ending on the date that final judgment is entered into this action.

    (iii) **CCRAA Class**: All of Defendant's current, former, and prospective applicants for employment in California, at any time during the period beginning seven years prior to the filing of this action and ending on the date that final judgment is entered in this action.

///
///

4

13. **Numerosity**: The class members are so numerous that the individual joinder of each individual class member is impractical. While Plaintiff does not currently know the exact number of class members, Plaintiff is informed and believes that the actual number exceeds 100 class members and that the identity of such individuals is readily ascertainable by inspection of Defendant's employment and/or hiring records.

14. **Commonality and Predominance**: Common questions of law and fact exist as to all class members and predominate over any questions which affect only individual class members. These questions include, but are not limited to:

   A. Whether Defendant willfully failed to provide the class with a stand-alone written disclosures before obtaining a credit or background report in compliance with the statutory mandates?

   B. Whether the disclosure provided to applicants and employees by Defendant violated the statutory mandates by including extraneous information?

   C. Whether the disclosure provided to applicants and employees by Defendant violated the statutory mandates by failing to include clear and conspicuous writing?

   D. Whether Defendant willfully failed to identity the name, address, telephone number, and/or website of the investigative consumer reporting agency conducting the investigation?

   E. Whether Defendant willfully failed to identify the source of the credit report to be performed?

   F. Whether Defendant willfully failed to comply with the FCRA, ICRAA and/or the CCRAA?

15. **Typicality**: Plaintiff's claims are typical of the other class members' claims. Plaintiff is informed and believes and thereon alleges that Defendant has a policy, practice or a lack of a policy which resulted in Defendant's failing to comply with the FCRA, ICRAA, and CCRAA as alleged herein.

CLASS ACTION COMPLAINT


16. **Adequacy**: Plaintiff will fairly and adequately represent and protect the interest of the class as she has no interests that are adverse to, or otherwise in conflict with, the interests of absent class members. Counsel who represent Plaintiff and putative class are experienced and competent in litigating class actions and are dedicated to vigorously prosecuting this action on behalf of Plaintiff and absent class members.

17. **Superiority**: A class action is vastly superior to other available means for fair and efficient adjudication of class members' claims and would be beneficial to the parties and the Court. Class action treatment will allow a number of similarly situated persons to simultaneously and efficiently prosecute their common claims in a single forum without the unnecessary duplication of effort and expense that numerous individual actions would entail. In addition, the monetary amounts due to many individual class members are likely to be relatively small and would thus make it difficult, if not impossible, for individual class members to both seek and obtain relief. Moreover, a class action will serve an important public interest by permitting class members to effectively pursue the recovery of monies owed to them. Further a class action will prevent the potential for inconsistent or contradictory judgments inherent in individual litigation.

18. The prerequisites to maintaining a class action for injunctive or equitable relief pursuant to Federal Rule of Civil Procedure 23(b)(2) are met because Defendant has acted or refused to act on grounds generally applicable to the classes and subclasses, thereby making appropriate final injunctive or equitable relief with respect to the classes and subclasses as whole.

19. The prerequisites to maintaining a class action pursuant to Federal Rule of Civil Procedure 23(b)(3) are met because questions of law and fact common to each class member predominate over any questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

# FIRST CAUSE OF ACTION
# FAILURE TO MAKE PROPER DISCLOSURE
# IN VIOLATION OF THE FCRA
### (By Plaintiff and the FCRA Class against Defendant)

20. Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

21. Defendant is a "person(s)" as defined by Section 1681 a(b) of the FCRA.

22. Plaintiff and class members, are "consumers" within the meaning Section 1681a(c) of the FCRA, because they are "individuals."

23. Section 1681a(d)(1) of the FCRA defines "consumer report," in relevant part as:

> Any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for employment purposes.

24. Thus, a credit and background report qualifies as a consumer report.

25. Section 1681a(e) of the FCRA defines "investigative consumer report," in relevant part as:

> A consumer report or portion thereof in which information on a consumer's character, general reputation, personal characteristics, or mode of living is obtained through personal interviews with neighbors, friends, or associates of the consumer reported on or with whom he is acquainted or who may have knowledge concerning any such items of information.

26. Thus a credit and background report qualities as an investigative consumer report.

///
///
///

7
CLASS ACTION COMPLAINT

27. Section 1681b(b) of the FCRA provides, in relevant part:

> (b) Conditions for furnishing and using consumer reports for employment purposes
>
> (2) Disclosure to consumer
>
> (A) In general
>
> Except as provided in, subparagraph (B), a person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless—
>
> i. ***a clear and conspicuous disclosure*** has been made in writing to the consumer at any time before the report is procured or caused to be procured, in ***a document that consists solely of the disclosure***, that a consumer report may be obtained for employment purposes; and
>
> ii. the consumer has authorized in writing (which authorization may be made on the document referred to in clause (i)) the procurement of the report by that person. (Emphasis Added).

28. Plaintiff alleges, on information and belief, that in evaluating her and other class members for employment, Defendant procured or caused to be prepared Background Reports (i.e., a consumer report and/or investigative consumer report, as defined by 15 U.S.C. § 1681a(d)(1)(B) and 15 U.S.C. § 1681a(e)).

29. When Plaintiff applied for employment with Defendant, it required her to fill out and sign a document entitled "Disclosure and Release" which provided that she "may be the subject of a "consumer report" and/or an "investigative consumer report" which may include information about your character, general reputation, personal characteristics, and/or mode of living, and which can involve personal interviews with sources."

30. Plaintiff contends that Defendant's Disclosure and Release document violates the FCRA's standalone document requirement since the purported disclosure is embedded with extraneous information that does not effectuate the purposes of the FCRA. For instance, Defendant's purported disclosure refers not only to rights under the FCRA, but also rights under various state laws, such as

CLASS ACTION COMPLAINT

New York and Minnesota, that are inapplicable to Plaintiff. Furthermore, Defendant's disclosure refers to extraneous documents that are not part of the FCRA mandated disclosures, such as Notice Regarding Background Investigation and Summary of Your Rights Under the Fair Credit Reporting Act.

31. Plaintiff further contends that Defendant's Disclosure and Release document violated the FCRA's requirement that the disclosure be in a standalone document that is clear and conspicuous. For instance, the disclosure contains language that a reasonable person would not understand as to the limitations of the authorization for the disclosure and would confuse the reader since it combines other state disclosures and fails to clearly identify the consumer reporting agency or investigative consumer reporting agency.

32. Plaintiff further contends that Defendant's Disclosure and Release document violated the FCRA's prohibition of including a release in the disclosure form because such form would not consist solely of the disclosure.

33. Defendant's conduct in violation of Section 1681b(b)(2)(A) of the FCRA was and is willful. Defendant acted in deliberate or reckless disregard of its obligations and the rights of applicants and employees, including Plaintiff and class members. Defendant's willful conduct is reflected by, among other things, the following facts:

    (a) Defendant is a large corporation with access to legal advice;

    (b) Defendant required a purported authorization to perform credit and background checks in the process of employing the class members which, although defective, evidences Defendant's awareness of and willful failure to follow the governing laws concerning such authorizations;

    (c) The plain language of the statute unambiguously indicates that inclusion of a liability release and other extraneous information in a disclosure form violates the disclosure and authorization

requirements; and

(d) The Federal Trade Commission's ("FTC") express statement indicating that it is a violation of Section 1681b(b)(2)(A) of the FCRA to include a liability waiver in the FCRA disclosure form.

34. Based upon the facts likely to have evidentiary support after a reasonable opportunity for further investigation and discovery, Plaintiff alleges that Defendant has a policy and practice of procuring investigative consumer reports or causing investigative consumer reports to be procured to applicants and employees without informing such applicants of their right to request a summary of their rights under the FCRA at the same time as the disclosure explaining that an investigative consumer report may be made. Pursuant to that policy and practice, Defendants procured investigative consumer reports or caused investigative consumer reports to be procured for Plaintiff and class members, as described above, without informing class members of their rights to request a written summary of their rights under the FCRA.

35. Accordingly, Defendant willfully violated and continues to violate the FCRA including, but hot limited to, §§ 1681b(b)(2)(A) and 1681d(a).

36. As a result of Defendant's illegal procurement of credit and background reports by way of its inadequate disclosures, as set forth above, Plaintiff and class members have been injured including, but not limited to, having their privacy and statutory rights invaded in violation of the FCRA.

37. Plaintiff, on behalf of herself and all class members, seeks all available remedies pursuant to 15 U.S.C. § 1681n, including statutory damages and/or actual damages, punitive damages, injunctive arid equitable relief and attorneys' fees and costs.

38. In the alternative to Plaintiff's allegation that these violations were willful, Plaintiff alleges that the violations were negligent and seeks the appropriate remedy, if any, under 15 U.S.C. § 1681o, including actual damages and attorneys'

fees and costs.

## SECOND CAUSE OF ACTION
## FAILURE TO GIVE PROPER SUMMARY OF RIGHTS
## IN VIOLATION OF THE FCRA
### (By Plaintiff and the FCRA Class against Defendant)

39. Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

40. Section 1681d(a)(1) provides, in relevant part:

Disclosure of fact of preparation

A person may not procure or cause to be prepared an investigative consumer report on any consumer unless—

(1) it is ***clearly and accurately disclosed*** to the consumer that an investigative consumer report including information as to his character, general reputation, personal characteristics, and mode of living, whichever are applicable, may be made, and such disclosure; (A) is ***made in a writing mailed, or otherwise delivered***, to the consumer, not later than three days after the date on which the report was first requested, and (B) ***includes a statement informing the consumer of his right to request the additional disclosures*** provided for under subsection (b) of this section and ***the written summary of the rights of the consumer prepared pursuant to section 1681g(c)*** of this title; (Emphasis Added.)

41. Subsection Section 168ld(b) provides, in relevant part:

(b) Disclosure on request of nature and scope of investigation

Any person who procures or causes to be prepared an investigative consumer report on any consumer shall, upon written request made by. the consumer within, a reasonable period of time after the receipt by him of the disclosure required by subsection (a)(1) of this section (a)(1) of this section, make a ***complete and accurate disclosure of the nature and scope of the investigation requested***; (Emphasis Added). This disclosure shall be made in a writing mailed, or otherwise delivered, to the consumer not later than five days after the date on which the request for such disclosure was received from the consumer or such report was first requested, whichever is the later.

42. Defendant did not comply with Section 1681d(a)(1) and 1681d(b).

43. Section 1681g(c) further provides summary of rights to obtain and dispute information in consumer reports and to obtain credit scores, in relevant part, as follows:

>     A    In GeneralCommission summary of rights required
>
> (A) The Commission shall prepare a ***model summary of the rights*** of consumers under this subchapter.
>
> (B) Content of summary
>
>    The summary of rights prepared, under subparagraph (A) shall include a description of—
>
>    (i) the ***right of a consumer to obtain a copy of a consumer report*** under subsection (a) of this section from each consumer reporting agency;
>
>    (ii) the ***frequency and circumstances under which a consumer is entitled to receive a consumer report without charge*** under section 1681j of this title;
>
>    (iii) the right of a consumer to ***dispute information*** in the file of the consumer under section 1681i of this title;
>
>    (iv) ***the right of a consumer to obtain a credit score*** from a consumer reporting agency, and a description of how to obtain a credit score;
>
>    (v) the ***method by which a consumer can contact, and obtain a consumer report from*** a consumer reporting agency ***without charge*** as provided in the regulations of the Bureau prescribed under section 211(c) of the Fair and Accurate Credit Transactions Act of 2003; and
>
>    (vi) the method by which a consumer can contact, and obtain a consumer report from, a consumer reporting agency described in section 1681a(w) of this title, as provided in the regulations of the Bureau prescribed under section 1681j(a)(1)(C) of this title; (Emphasis Added).

44. Defendant did not comply with 1681g(c).

///
///
///
///

12
CLASS ACTION COMPLAINT

## THIRD CAUSE OF ACTION

## FAILURE TO MAKE PROPER DISCLOSURES IN VIOLATION OF ICRAA

### (By Plaintiff and the ICRAA Class against Defendant)

45. Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

46. Defendant is a "person" as defined by Section 1786.2(a) of the ICRAA.

47. Plaintiff and ICRAA Class members are "consumers" within the meaning Section 1786.2(b) of the ICRAA, because they are "individuals."

48. Section 1786.2(c) of the ICRAA defines, in relevant part "investigative consumer report" as:

> A consumer report in which information on a consumer's character, general reputation, personal characteristics, or mode of living is obtained through any means.

49. Thus a background check qualifies as an investigative consumer report under the ICRAA.

50. Section 1786.16(a)(2) of the ICRAA provides, in relevant part:

> If, at any time, an investigative consumer report is sought for employment purposes...the person seeking the investigative consumer report may procure the report, or cause the report to be made, only if all of the following apply:
>
> >    (B)   The person procuring or causing the report to be made provides a *clear and conspicuous disclosure* in writing to the consumer at any time before the report is procured or caused to be made *in a document that consists solely of the disclosure*, that:
> > > (i) An investigative consumer report may be obtained.
> > > (ii) The permissible purpose of the report is identified.
> > > (iii) The disclosure may include information on the consumer's character, general reputation, personal characteristics, and mode of living.
> > > (iv) Identifies the *name, address, and telephone number of the investigative consumer reporting agency* conducting the investigation.

      (v) Notifies the consumer in writing of the nature and scope of the investigation requested, including a summary of the provisions of Section 1786.22.
      (vi) ***Notifies the consumer of the Internet Web site address of the investigative consumer reporting agency*** identified in clause (iv), or, if the agency has no Internet Web site address, the telephone number of the, where the consumer may find information about the investigative reporting agency's privacy practices, including whether the consumer's personal information will be sent outside the United States or its territories and information that complies with subdivision (d) of Section 1786.20. This clause shall become operative on January 1, 2012. (Emphasis Added.)

51. Plaintiff contends that Defendant's Disclosure and Release document violates the ICRAA's standalone document requirement since the purported disclosure is embedded with extraneous information that does not effectuate the purposes of the ICRAA. For instance, Defendant's purported disclosure refers to rights under various state laws, such as New York and Minnesota, that are inapplicable to Plaintiff. Furthermore, Defendant's disclosure refers to extraneous documents that are not part of the ICRAA mandated disclosures, such as Notice Regarding Background Investigation and Summary of Your Rights Under the Fair Credit Reporting Act.

52. Plaintiff further contends that Defendant's Disclosure and Release document violated the ICRAA's requirement that the disclosure be in a standalone document that is clear and conspicuous. For instance, the disclosure contains language that a reasonable person would not understand as to the limitations of the authorization for the disclosure and would confuse the reader since it combines other state disclosures and fails to clearly identify the consumer reporting agency or investigative consumer reporting agency conducting the investigation.

53. Plaintiff further contends that Defendant's Disclosure and Release document violated the ICRAA's prohibition of including a release in the disclosure form because such form would not consist solely of the disclosure.

54. Based upon the facts likely to have evidentiary support after a reasonable opportunity for further investigation and discovery, Plaintiff alleges that Defendant has a policy and practice of procuring investigative consumer reports or causing investigative consumer reports to be procured to applicants and employees without providing such applicants the required disclosures under the ICRAA. Pursuant to that policy and practice, Defendant procured investigative consumer reports or caused investigative consumer reports to be procured for Plaintiff and class members, as described above, without informing class members of their rights to request a written summary of their rights under the ICRAA.

55. Accordingly, Defendant willfully violated and continues to violate the ICRAA including, but hot limited to, § 1786.16(b)(1). Defendant's willful or grossly negligent conduct is reflected by, among other things, the facts set forth above.

56. As a result of Defendant's illegal procurement of credit and background reports by way of its inadequate disclosures, as set forth above, Plaintiff and class members have been injured including, but not limited to, having their privacy and statutory rights invaded in violation of the ICRAA.

57. Plaintiff, on behalf of herself and all class members, seeks all available remedies pursuant to California Civil Code ("Cal. Civ. Code")§ 1786.50, including statutory damages and/or actual damages and attorneys' fees and costs.

///
///
///
///
///
///
///
///

CLASS ACTION COMPLAINT

# FOURTH CAUSE OF ACTION
## FAILURE TO MAKE PROPER DISCLOSURES
## IN VIOLATION OF CCRAA
### (By Plaintiff and the CCRAA Class against Defendant)

58. Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

59. Defendant is a "person" as defined by Section 1785.3(j) of the CCRAA.

60. Plaintiff and CCRAA Class members are "consumers" within the meaning Section 1785.3(b) of the CCRAA, because they are "natural individuals."

61. Section 1785.3(c) of the CCRAA defines "consumer credit report," in relevant part as:

> any written, oral, or other communication of any information by a consumer credit reporting agency bearing on a consumer's credit worthiness, credit standing, or credit capacity, which is used or is expected to be used, or collected in whole or in part, for the purpose of serving as a factor in establishing the consumer's eligibility for: ...(2) employment purposes...

62. Thus a credit report qualifies as a consumer credit report under the CCRAA.

63. Section 1785.20.5(a) of the CCRAA provides, in relevant part:

> Prior to requesting a consumer credit report for employment purposes, the user of the report shall provide written notice to the person involved. The notice shall inform the person that a report will be used, and ***shall identify the specific basis under subdivision (a) of Section 1024.5 of the Labor Code for use of the report. The notice shall also inform the person of the source of the report***...(Emphasis Added.).

64. Plaintiff alleges that in evaluating her and other class members for employment, Defendants procured or caused to be prepared consumer Background Reports (i.e., credit reports), as defined by Cal. Civ. Code § 1785.3 ( c).

///

65. When Plaintiff applied for employment with Defendant, Defendant required her to fill out and sign a Document entitled "Disclosure and Release" which provided that she "may be the subject of a "consumer report" and/or an "investigative consumer report" which may include information about your character, general reputation, personal characteristics, and/or mode of living, and which can involve personal interviews with sources."

66. The Authorization does not identify the specific basis under subdivision (a) of Section 1024.5 of the Labor Code for use of the credit report. Nor does the Authorization identify the source of any credit report. Both of these omissions Authorization clearly violate §1785.20.5(a) of the CCRAA, as delineated above.

67. Based upon facts that are likely to have evidentiary support after a reasonable opportunity for investigation and discovery, Plaintiff alleges that Defendant has a policy and practice of failing to provide adequate written disclosures to applicants and employees, before procuring credit reports or causing credit reports to be procured, as described above. Pursuant to that policy and practice, Defendant procured credit reports or caused credit reports to be procured for Plaintiff and class members without first providing a written notice in compliance with § 1785.20.5(a) of the CCRAA, as described above.

68. Defendant's conduct in violation of § 1785.20.5(a) of the CCRAA was and is willful and/or grossly negligent. Defendant acted in deliberate or reckless disregard of their obligations and the rights of applicants and employees, including Plaintiff and class members, Defendant's willful conduct is reflected by, among other things, the facts stated above.

69. As a result of Defendants' illegal procurement of credit reports by way of their inadequate notice, as set forth above, Plaintiff and class members have been injured including, but not limited to, having their privacy and statutory rights invaded in violation of the CCRAA.

70. Plaintiff, on behalf of herself and all class members, seeks all available remedies pursuant to Cal. Civ. Code § 1785.31, including statutory damages and/or actual damages, punitive damages, injunctive relief, and attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and all others similarly situated, prays for relief and judgment against Defendant as follows:

A.  An order that the action be certified as a class action;
B.  An order that Plaintiff be appointed class representative;
C.  An order that counsel for Plaintiff be appointed class counsel;
D.  Statutory penalties;
E.  Civil penalties;
F.  Punitive damages;
G.  Costs of suit;
H.  Interest;
I.  Reasonable attorneys' fees; and
J.  Such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, on behalf of herself and all others similarly situated, hereby demands a jury trial on all issues so triable.

DATED: February 5, 2020

THE NOURMAND LAW FIRM, APC

By: _____
Michael Nourmand, Esq.
James A. De Sario, Esq.
Attorneys for Plaintiff

CLASS ACTION COMPLAINT